UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                          Case No. 8:15-CR-227-T-36EAJ

TAYRON PASCUAL ROJAS GARCIA
_____/

SENTENCING MEMORANDUM

I.   Legal Framework for Sentencing Analysis

It is now well established that sentencing requires a two-step process. First, the district court must correctly calculate the sentencing guideline range. Second, the district court must consider the factors outlined in 18 U.S.C. §3553(a) to determine a reasonable sentence as to each defendant in each case.

In United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005), the Eleventh Circuit enumerated the ten factors used to determine a reasonable sentence: (1) the nature and circumstances of the offense and the defendant's personal history and characteristics; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and to provide a just punishment; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with appropriate educational training, vocational training, or medical care; (6) types of sentences available; (7) the correctly-calculated sentence range under the Sentencing Guidelines; (8) pertinent policy statements of the U.S. Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.

## II. Analysis of 18 U.S.C. § 3553(a) Factors

### A. History and Characteristics of the Defendant

Tayron Pascual Rojas-Garcia is a 36-year-old citizen of Ecuador.[1] He was born and raised in the municipality of Anconcito, Ecuador,[2] which is situated on a peninsula that extends from Ecuador's coast out into the Pacific Ocean.

Most of Anconcito's population lives in austere poverty. According to the Ecuadorian Government, 77% of Anconcito's population lacks adequate housing, educational opportunities, and sanitary sewage disposal.[3] Indicative of this poverty, Mr. Rojas-Garcia's siblings and mother currently earn their livelihood by rummaging through trash at Anconcito's garbage dump in search of salvageable articles to sell.[4]

One of eight children,[5] Mr. Rojas-Garcia experienced a harrowing childhood. Mr. Rojas-Garcia's father was an alcoholic, and he would become physically abusive towards Mr. Rojas-Garcia when he drank – which was constantly.[6] When Mr. Rojas-Garcia was a child his father left his mother for another woman, leaving her raise the children.[7] Mr. Rojas-Garcia's mother hand washed the clothing of other Anconcito families in order to earn money.[8] Until he was age twelve, Mr. Garcia-Rojas's home consisted of a structure made of bamboo walls and dirt floors.[9] When Mr. Garcia-Rojas was around twelve years

---

[1] PSR, page 3
[2] PSR, page 7
[3] *Plan de Desarrollo y Ordenamiento Territorial de la Parroquia Anconcito 2015*, Gobierno Autonomo Desconcentrado Parroquial De Anconcito, website: http://app.sni.gob.ec/visorseguimiento/DescargaGAD/data/sigadplusdiagnostico/0968551090001_PDyOT_DG_ANCONCITO_15-05-2015_05-56-01.pdf
[4] PSR, page 7
[5] PSR, page 7
[6] PSR, page 7; February 26, 2016 Interview of Tayron Pascual Garcia Rojas
[7] PSR, page 7
[8] February 26, 2016 Interview of Tayron Pascual Garcia Rojas
[9] Id.

2

old, the family was able to move to a home made of cinderblock.[10]

Mr. Rojas Garcia dropped out of school at age twelve to work as a fisherman.[11] Because he was too poor to afford a fishing pole, he would fish for snapper, king fish, or anything else he could catch with a simple nylon line.[12] When he was fortunate to catch a fish, he would often suffer painful cuts to his fingers and hands as he reeled in the fish.[13]

When Mr. Rojas-Garcia was age fifteen, to make more money he began to fish hundreds of miles out to sea in an uncovered 14-foot launch.[14] On the high seas, he and his fellow fisherman would work, eat, and sleep for days or weeks at the mercy of the elements.[15] The only protection they carried was a plastic sheet in order to cover them during rainstorms.[16] Once at the fishing area, they would spread out a line tied to buoys that floated on the surface of the ocean.[17] That floating line had lines with hooks that dropped down to the depths of the sea.[18] When a tuna or a marlin took the bait, a buoy would rise from the sea to alert the fisherman.[19] Mr. Rojas-Garcia and the other fishermen then pulled the deep-sea line with their hands in order to bring the fish to the boat – a process that could take hours.[20]

Mr. Rojas-Garcia had four children. However, on June 17, 2003, when his daughter Kerly was just four years old, she was killed in a tragic accident when a container fell

---

[10] Id.
[11] Id.
[12] Id.
[13] Id.
[14] Id.
[15] Id.
[16] Id.
[17] Id.
[18] Id.
[19] Id.
[20] Id.

from a truck and struck her.[21] Mr. Rojas-Garcia has three remaining children, ages twelve, ten, and eight.[22]

### B. The Correctly-Calculated Sentence Range under the Sentencing Guidelines

The PSR calculates Mr. Rojas-Garcia's advisory guideline range to be an offense level 29, Criminal History I.[23] This Guideline range carries a recommended sentence of 87 to 108 months imprisonment.[24] However, because counts one and two carry a minimum mandatory of ten years imprisonment, pursuant to U.S.S.G. §5G1.2(b) Mr. Rojas-Garcia's guideline sentence is 120 months.[25]

### C. The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct / The Need To Protect the Public

Mr. Rojas-Garcia is not a danger to reoffend. He is a simple, poor mariner who was seduced by the temptation of financial security for himself and his family. Mr. Rojas-Garcia has no prior criminal history.[26] The United States Sentencing Commission has noted that first time offenders such as Mr. Rojas-Garcia are easily the most empirically identifiable group of guideline federal offenders who are the least likely to re-offend.[27]

Mr. Rojas-Garcia is well aware that when he agreed participate in this smuggling venture that he made the biggest mistake in his life. The results of that decision have been disastrous for him; he has been plucked from his native country, stripped of all that is familiar to him, and separated indefinitely from his family.

---

[21] Id.
[22] PSR, page 8
[23] PSR, page 10
[24] Id.
[25] Id.
[26] PSR, page 6
[27] *Recidivism and the First Offender*, United States Sentencing Commission, May 2004

Perhaps most stinging to Mr. Rojas-Garcia, he has lost the ability to support his children both financially and emotionally. Given the great privation he experienced as a child, Mr. Rojas-Garcia knows the hardship his children are likely to endure in the coming years.[28]

When the Bureau of Prisons does eventually release Mr. Rojas-Garcia, he will undoubtedly steer clear of any contact with drug shipments for the remainder of his life.

## IV. Conclusion

The Defense respectfully requests this Court take all the forgoing factors into consideration when it imposes a sentence that is "sufficient but not greater than necessary to comply with" the goals of sentencing set forth in 18 U.S.C. § 3553(a). It is Defense Counsel's position that for all the reasons cited above the Honorable Court should sentence Mr. Rojas-Garcia to the minimum mandatory sentence, 120 months.

---

[28] Studies in the United States have shown that among children of incarcerated fathers, there are higher rates of homelessness, poor developmental outcomes, and greater family instability. *See*: When A Parent Goes To Prison, A Child Also Pays A Price; National Public Radio, June 8, 2014.

**Certificate of Service**

I HEREBY CERTIFY that on March 19, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Maria Chapa Lopez, AUSA
Office of the United States Attorney
400 North Tampa Street, Suite 3200
Tampa. FL 33602

/s/ *David C. Hardy*
David C. Hardy, Attorney at Law
Florida Bar #689661
1710 N. 19th Street, Suite 215
Tampa, Florida 33605
Tel: (813) 990-9547
dch@thehardylawfirm.com